**14 CV 9664**

JUDGE SWEET

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
MELISSA GREEN, as mother and natural guardian of infant T.G.,

                                Plaintiff,

                  -against-

CITY OF NEW YORK; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                               Defendants.
------------------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded



RECEIVED DEC 08 2014 U.S.D.C. S.D.N.Y. CASHIERS

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff T. G. is a resident of New York County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. At approximately 6:15 p.m. on March 14, 2014, T.G. was lawfully in his godmother's apartment, with other family members, at 505 East 120th Street, in Manhattan.

13. T.G. was playing video games with his god-siblings when defendants forced their way into the apartment without permission.

14. Defendants ransacked the home without permission or, upon information and belief, without a valid search warrant.

15. Defendants took T.G. from the apartment and into a hallway and tightly handcuffed him.

16. A defendant officer aggressively pushed T.G. against a wall, causing his face to smack the wall, and screamed at him, in sum, I will "blow your brains into the wall," if you move.

17. The same defendant officer had his gun pointed at T.G. while threatening to kill him.

18. T.G. was eventually put in a prisoner van and taken to a police precinct.

19. At the precinct, defendants took T.G.'s asthma pump and his glasses from him.

20. T.G. cannot see well without his glasses.

21. At the precinct the officers falsely informed employees of the New York

County District Attorney's Office that they had observed plaintiff commit various crimes including gang assault, a felony, and prepared false paperwork to that effect.

22. At no point did the officers observe T.G. commit any crime or offense.

23. T.G. was eventually taken to Manhattan Central Booking.

24. After being held at Central Booking for a period of time, T.G. was taken back to the police precinct.

25. Following continued incarceration in a prison cell, T.G. was taken back to Central Booking, shackled at his feet and tightly handcuffed.

26. Without being arraigned, T.G. was released from Central Booking after approximately twenty-four hours of incarceration.

27. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

28. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

29. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

30. T.G. suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Seizure and Search

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. Defendants violated the Fourth and Fourteenth Amendments because they seized and searched plaintiff without reasonable suspicion.

33. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

36. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

39. Plaintiff was conscious of his confinement.

40. Plaintiff did not consent to his confinement.

41. Plaintiff's confinement was not otherwise privileged.

42. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

43. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Unreasonable Force

44. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

46. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### State Law Assault and Battery

47. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

48. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

49. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

50. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SIXTH CLAIM
### Negligent Hiring, Training and Retention

51. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

52. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a

reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

53. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

54. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

55. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

56. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Intentional Infliction of Emotional Distress

57. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

58. By reason of the foregoing, and by assaulting, battering, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD

officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon plaintiff.

59. The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

60. Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

61. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Negligent Infliction of Emotional Distress

62. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

63. By reason of the foregoing, and by assaulting, battering, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD

officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiff.

64. The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

65. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

66. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### NINTH CLAIM
### Failure To Intervene

67. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

68. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

69. Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

70. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:  December 8, 2014
        New York, New York

HARVIS WRIGHT & FETT LLP

_____
Baree N. Fett
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
bfett@hwf.nyc

*Attorneys for plaintiff*
